UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:22-cr-94-SPC-NPM

JOSE ESTEBAN BADILLO-CHAVEZ

/

## ORDER

Before the Court are Defendant Jose Esteban Badillo-Chavez's *pro se* Motion for Reduction of Sentence (Doc. 42), the United States Probation Office's Memorandum (Doc. 43), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 45).

Defendant is serving a 37-month sentence for illegal reentry. In his motion, Defendant requests information about whether he qualifies for elimination of his extra criminal history "status points." (Doc. 42 at 1).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under

§ 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range and/or the Court departed from the guideline range under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b), and a comparable departure is authorized under U.S.S.G. § 1B1.10(b)(2)(B).

The Court sentenced Defendant on December 11, 2023. (Doc. 39). Probation explains that Defendant was sentenced according to the 2023 Guidelines Manual, which came into effect on November 1, 2023. (Doc. 43 at 3). Thus, the Court incorporated all guideline amendments at the time of the original sentencing, and Defendant is ineligible for further reduction.

The Federal Defender agrees with Probation's assessment. (Doc. 45 at 3). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. (*Id.*) The Federal Defender states that he will notify Defendant of his position and move to terminate his representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because the Court already incorporated the guideline amendments when it sentenced Defendant approximately one year

2

ago, he is ineligible for a reduction under Amendment 821. Thus, Defendant's motion for a sentence reduction under Amendment 821 is denied.

Accordingly, it is

**ORDERED**:

Defendant Badillo-Chavez's Motion for Reduction of Sentence (Doc. 42) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on December 17, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record