UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.: 2:22-cr-94-SPC-NPM

JOSE ESTEBAN BADILLO-
CHAVEZ

_____

## OPINION AND ORDER

Before the Court is Defendant Jose Esteban Badillo-Chavez's pro se letter, entitled "Request for corrected time calculation (Jail time credit)."[1] (Doc. 47).  The Government has not filed a response.  Regardless, for the following reasons, the construed motion is denied.

Defendant pled guilty to illegal reentry by a deported alien after felony conviction.  In December 2023, the Court sentenced him to 37 months' imprisonment and 12 months of supervised release.  (Doc. 40).  In the motion, Defendant explains that the United States Marshals picked him up from the Florida Department of Corrections on June 21, 2023.  He believes that his computation data sheet deprives him of 14 days of time served.  Accordingly, he asks the Court to credit him for actual jail time served.

_____

[1] A party must not use a letter to request relief from the Court.  *See* M.D. Fla. R. 3.01(k) ("A party must not use a letter, email, or the like to request relief or to respond to a request for relief.").  Regardless, in the interest of judicial economy, the Court construes the letter as a motion for recalculation of jail time credit.

The Court lacks statutory authority to grant Defendant the relief he seeks. It is up to the Attorney General, not the courts, to determine the amount of a defendant's jail-time credit. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *Flanagan*, 868 F.2d at 1546). Here, there is no evidence that Defendant has exhausted his administrative remedies within the Bureau of Prisons regarding the calculation of jail-time credits.

Accordingly, it is now

**ORDERED:**

Defendant Jose Esteban Badillo-Chavez's pro se construed motion, entitled "Request for corrected time calculation (Jail time credit)" (Doc. 47), is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

2